UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY DEL VALLE and SCHENELLE SAM, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>TAPESTRY, INC.,<br><br>　　　　　　　　　　　　　　　　Defendant. | Case No. 1:25-cv-01715<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs HARVEY DEL VALLE and SCHENELLE SAM (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b), to recover damages for delinquent wage payments made to employees who qualify as manual workers and who were employed at any time by Defendant TAPESTRY, INC. ("Defendant") between November 2, 2017† and the present (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual workers under the NYLL.

---

† Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines). Additionally, the parties executed a tolling agreement effective June 17, 2024. As such, 6 years and 228 days before June 17, 2024 was November 2, 2017.

1

3. Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual workers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

4. By willfully failing to pay employees in a timely manner in compliance with applicable state law, Defendant has also violated the FLSA's implicit "prompt payment" provision.‡

## JURISDICTION & VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7. Plaintiff HARVEY DEL VALLE is an individual who currently resides in the State of New York, and was employed by Defendant in a non-exempt, hourly position between approximately October 2021 and January 2023.

---

‡ "While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities, and is codified in interpretative regulation, 29 CFR § 777.2(a), construing 29 U.S.C. §§ 206, 207, to require payment in cash or negotiable instruments payable at par, except as otherwise stated in § 3(m), 29 U.S.C. § 203(m)." *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960).

8. Plaintiff SCHENELLE SAM is an individual who currently resides in the State of New York, and was employed by Defendant in a non-exempt, hourly position between approximately April 2017 and October 2018.

9. Named Plaintiffs typically performed physical tasks for more than 25% of their respective workdays, as their responsibilities included, but were not limited to by stocking shelves, moving inventory, receiving, unpacking, organizing, storing, packaging, and labeling merchandise, and generally remaining on their feet for the entirety of their respective shifts.

10. Named Plaintiffs were compensated every other week, rather than weekly, by Defendant throughout the entirety of their employment. Thus, for the first half of each bi-weekly pay period, Named Plaintiffs were injured in that they were temporarily deprived of money owed to them, and they could not save, invest, earn interest on, or otherwise use these monies that were rightfully theirs. Accordingly, every day that said money was not paid to them in a timely fashion, they lost the time value of that money.

11. Additionally, every time Named Plaintiffs received late compensation for the work they performed, they were by definition being underpaid by Defendant. Every time that Defendant failed to pay Named Plaintiffs and other employees who worked in manual positions their earned wages within seven days of the end of their respective workweeks, Defendant deprived the employees of the use of money that belonged to them. As a result, Named Plaintiffs and putative class members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed and/or wanted to buy.

12. By retaining these wages earned beyond the legally permitted timeframe set by NYLL § 191, Defendant benefitted from the time value of the money at issue, and the free use of such funds, at the expense of Named Plaintiffs and putative class members. For example, during

the time such monies were wrongfully being withheld, Defendant was free to utilize those funds to purchase goods and services, as well as save, invest, or earn interest on them.

13.    Upon information and belief, Defendant TAPESTRY, INC. is a business corporation organized under the laws of the State of New York, with a principal place of business located in New York, New York.

## CLASS & COLLECTIVE ALLEGATIONS

14.    This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action pursuant to FLSA, 29 U.S.C. § 216(b).

15.    This action is brought on behalf of the Named Plaintiffs and a class and collective consisting of similarly situated employees who performed work for Defendant in positions that required they perform physical tasks for more than 25% of their respective workdays.

16.    The putative class and collective is so numerous that joinder of all members is impracticable. The size of the putative class and collective is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class and collective are not known.

17.    The questions of law and fact common to the putative class and collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a)    whether Defendant compensated its employees on a bi-weekly basis;

    b)    whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis;

    c)    whether Defendant's conduct constitutes a violation of NYLL § 191; and,

    d)    whether Defendant's conduct constitutes a violation of the FLSA's prompt pay requirement.

18. The claims of the Named Plaintiffs are typical of the claims of the putative class and collective. The Named Plaintiffs and putative class and collective members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

19. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class and collective.

20. The Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

21. A class and collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class and collective members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

22. A class and collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY TIMELY WAGES UNDER THE NYLL

23. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

24. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiffs and members of the putative class.

25. Defendant failed to pay the Named Plaintiffs and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

26. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY TIMELY WAGES UNDER THE FLSA

27. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

28. "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *See Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F2d 487 (2d Cir. 1960)).

29. As explained in *Rogers*, 148 F.3d at 56, subsequent to the Supreme Court's decision in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), courts have interpreted the holding "to mean that 'the FLSA requires the employer to pay on time.'" *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993).

30. Here, where Defendant has clearly failed to pay its manual workers "on time" in accordance with governing state law, logically it follows that Defendant has also violated the prompt payment requirement of the FLSA.

31. By the foregoing reasons, Defendant has violated 29 U.S.C. § 206, and as such is liable to Plaintiff Del Valle and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
      February 28, 2025

**LEEDS BROWN LAW, P.C.**

_____
Brett R. Cohen
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs and Putative Class & Collective*

# LEEDS BROWN LAW, P.C.

## CONSENT TO JOIN FORM

1. I, __Harvey J. Del Valle__, consent to be a party plaintiff in a lawsuit against Defendant(s), __TAPESTRY, INC.__, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Leeds Brown Law, P.C. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

__02/25/2025__
Date

__HJD__
Harvey J. Del Valle (Feb 25, 2025 16:30 EST)
Signature

__Harvey J. Del Valle__
Printed Name